Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

# TWENTY-FIRST JUDICIAL CIRCUIT COURT
# ST. LOUIS COUNTY, MISSOURI

LOU BUDKE'S ARROW
FINANCE COMPANY,

    Plaintiff/Counterclaim-Defendant,

v.

RICHARD KYLES,

    Defendant/Counterclaimant.

Case No. 15SL-AC29334-01
Division 31-M

## Joint Motion for Preliminary Approval of Class-Action Settlement

Defendant/Counterclaimant Richard Kyles, ("Kyles"), and Plaintiff/Counterclaim-Defendant Lou Budke's Arrow Finance Company, ("Lou Budke"), respectfully move the Court to enter and order to preliminarily approve the proposed Settlement Class[1] and Agreement (attached as Exhibit 1) as fair, reasonable and adequate under Missouri Supreme Court Rule 52.08, and direct notice to the Settlement Class as provided for in the Agreement.

1.    **The Settlement Class's Claims**. Kyles alleges Lou Budke violated the Uniform Commercial Code, as adopted by Missouri (the "MoUCC") by mailing them post-repossession, presale notices ("presale notices") in violation of §§ 400.9-611(b) and 400.9-614. Kyles also alleges Lou Budke violated the MoUCC by sending deficient post-sale explanations of deficiency or surplus ("post-sale notices") that did not comply with § 400.9-616.

---

[1]    Unless defined otherwise in this Motion, all capitalized terms have the meaning ascribed to them in the Settlement Agreement attached as Exhibit 1.

1

**EXHIBIT**
**E**

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

2.      **Class Relief**. The Agreement provides the Settlement Class Members with substantial benefits, such as monetary damages, writing off any deficiency balance Lou Budke claims they owe, and credit repair by Lou Budke requesting the major credit bureaus to delete the Settlement Class Members' tradelines associated with the loan related to their repossession.

WHEREFORE, the parties respectfully request the Court enter a preliminary approval order: (a) preliminarily approving the proposed Settlement Class and Agreement attached as Exhibit 1 as fair, reasonable and adequate under Missouri Supreme Court Rule 52.08; (b) approving Kyles appointment as representative and Class Counsel as counsel for the Settlement Class; (c) approving a form of mailed notice substantially similar to the Class Mail Notice attached as Exhibit A to the Agreement; (d) approving a Long Form Notice substantially similar to the form attached as Exhibit B to the Agreement; (e) scheduling a hearing for final approval of the Agreement; (f) setting dates for a final fairness hearing, the parties submissions relative to the Settlement, including applications for payment of services to Kyles, payment of attorney's fees, reimbursement of expenses by Class Counsel and for members of the Settlement Class to exclude themselves (opt-out), object and/or appear at the fairness hearing; and (g) for such other and further provisions consistent with the terms and provisions of the Agreement as the Court may deem advisable.

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

MILLER AND STEENO, P.C.

By: /s/ William F. Whelan
    William F. Whelan, #34078
    13690 Riverport Dr., Suite 250
    St. Louis, MO 63146
    (314) 446-3300
    (314) 726-1406 (Fax)
    wwhealen@millersteeno.com

*Attorney for Plaintiff/Counterclaim-Defendant*

ONDER LAW, LLC

By: /s/ Martin L. Daesch
    Martin L. Daesch, #40494
    Jesse B. Rochman, #60712
    Craig W. Richards, #67262
    110 E. Lockwood Ave.
    St. Louis, MO 63119
    314-963-9000
    314-963-1700 (Fax)
    daesch@onderlaw.com
    rochman@onderlaw.com
    richards@onderlaw.com

*Attorneys for Defendant/Counterclaimant*

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement"), made subject to approval by the Court, is by and between Richard Kyles ("Kyles" and sometimes referred to herein as "Class Representative," individually and as the representative of the Class, as defined herein), and Lou Budke Arrow Finance Co. ("Lou Budke"). The Class Representative, Lou Budke, and the Class are also sometimes individually referred to as "Party" and collectively referred to as the "Parties."

WHEREAS, Class Representative is the named counterclaimant in the civil action pending before the St. Louis County Missouri Circuit Court (the "Court"), *Lou Budke v. Richard Kyles*, Case No. 15SL-AC29334-01 (the "Counterclaim" or "Litigation"); and

WHEREAS, Class Representative is asserting claims against Lou Budke for alleged violations of Missouri's Uniform Commercial Code and common law, and seeks statutory damages and other relief for himself and a class defined by the Court's order entered November 6, 2019; and

WHEREAS, on November 6, 2019 the Court certified a class comprised of "all persons to whom Lou Budke mailed a presale notice or post-sale notice." The Court excluded from the Class all "persons whom Lou Budke has obtained a final deficiency judgment or who filed for bankruptcy after the date on their presale notice and whose bankruptcy ended in discharge rather than dismissal."

WHEREAS, Class Representatives' counsel ("Class Counsel") and Lou Budke's counsel have thoroughly investigated the facts regarding the claims alleged and the events and transactions underlying the Litigation, through formal and informal discovery, and have made a thorough study of the legal principles applicable to the claims being asserted against Lou Budke; and

WHEREAS, the Parties have agreed, subject to Court approval, to resolve the Litigation as between Class Representative, the Class, and Lou Budke under the terms of this Agreement; and

WHEREAS, the Parties and their respective counsel have engaged in arm's length negotiations concerning the settlement of the claims and causes of action being asserted against Lou Budke in the Counterclaim; and

WHEREAS, the Class Representative and Class Counsel have concluded a settlement with Lou Budke under the terms of this Agreement will be fair, just, equitable, reasonable, adequate, and in the best interests of Class Representative and the Class: based upon their investigation, study, negotiations, and discovery taken; and considering the contested issues, collectively, the

**EXHIBIT**

1

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

expense and time to prosecute the Litigation against Lou Budke through trial, the delays and the risks and costs of further prosecution against Lou Budke, the uncertainties of complex litigation, and the benefits to be received under this Agreement; and

WHEREAS, the Parties acknowledge and agree the Agreement constitutes a compromise in settlement of the claims and causes of action that have been or could be raised by the Class Representative and the Class (or members thereof) against Lou Budke and/or the other Released Persons as to any collateralized loan or financing from Lou Budke.

NOW THEREFORE, the undersigned Parties, each intending to be legally bound and acknowledging the sufficiency of the consideration and undertakings in this Agreement, agree, subject to approval of the Agreement by the Court, that the Litigation and the Released Claims against the Released Persons are finally and fully compromised and settled:

1.    **Definitions**

As used in the Agreement, these terms are defined:

1.1.    **Cash Fund.** "Cash Fund" means the amount to be paid under Paragraph 3.

1.2.    **Class.** "Class" has the meaning defined in Paragraph 2.

1.3.    **Class Counsel.** "Class Counsel" means Class Representatives' counsel, Martin L. Daesch (sole member of MLD Law Firm, LLC), Jesse B. Rochman (sole member of JBR Law, LLC), Craig W. Richards, and OnderLaw, LLC, 110 East Lockwood, St. Louis, Missouri, 63119.

1.4.    **Class Mail Notice.** "Class Mail Notice" (or "Short-Form Notice") means a notice in a form substantially the same as that attached as **Exhibit A.**

1.5.    **Class Member.** "Class Member" means any member of the Class who does not timely opt out of the Settlement under Paragraph 8. If a Class Member has died, then the person's estate, heirs, representatives, successors, or assigns is deemed a Class Member.

1.6.    **Class Member Payment.** "Class Member Payment" means the portion of the Net Distributable Settlement Fund to be paid to the respective Class Members under the Settlement. The Net Distributable Settlement Fund will be divided on a pro rata basis in the amount as provided below to each Class Member by the issuance of a check by the Settlement Administrator. The amount of the Settlement Check issued to Class Members will be determined by multiplying the Net Distributable Settlement Fund by the Class Member's prorated percentage. The Class Member's prorated percentage is equal to a numerator consisting of 10% of the "Amount

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

Financed" on the Class Member's loan plus the "Finance Charge" on the Class Member's loan and a denominator consisting of 10% of the aggregate "Amount Financed" for the Class plus the aggregate "Finance Charge" for the Class.

    1.7.   **Lou Budke's Counsel.** "Lou Budke's Counsel" means William Whealen, Jr., 11970 Borman Drive, Suite 250, St. Louis, MO 63146.

    1.8.   **Court.** "Court" means the St. Louis County Circuit Court, State of Missouri.

    1.9.   **Deficiency Write-Off.** "Deficiency Write-Off" means all deficiency account balances in Lou Budke's records as of the Effective Date that Lou Budke will write off for the benefit of the Class as provided under Paragraph 3.11.

    1.10.   **Effective Date.** The "Effective Date" of the Agreement means the date when all the conditions in Paragraph 11 have occurred.

    1.11.   **Final Approval Order.** "Final Approval Order" means an Order consistent with Paragraph 9, finally approving the Agreement and the "Settlement" under Missouri Supreme Court Rule 52.08.

    1.12.   **Final Hearing Date.** "Final Hearing Date" means the date set by the Court for the hearing on final approval of the "Settlement."

    1.13.   **Final Judgment.** "Final Judgment" means a Judgment of the Court consistent with Paragraph 9.

    1.14.   **Gross Deficiency Write-Off Amount.** "Gross Deficiency Write-Off Amount" is the aggregate of deficiency balances reflected as outstanding in Lou Budke's records on the accounts of the Class Members as of the Effective Date. The deficiency balance amount for each Class Member is what Lou Budke believes to be the unpaid balance of each member's account regardless whether Lou Budke has "written off" the unpaid amount on any portion thereof.

    1.15.   **Long-Form Notice.** "Long-Form Notice" means a notice in a form substantially the same as that attached hereto as **Exhibit B**.

    1.16.   **Net Distributable Settlement Fund.** "Net Distributable Settlement Fund" means the "Cash Fund" *plus* any interest earned on the Cash Fund, while in escrow, *minus* the sum of (a) any incentive award approved by the Court and paid to the Class Representative; (b) any litigation expenses and/or costs approved by the Court and awarded to Class Counsel for this litigation or for ancillary matters; (c) any award of attorneys' fees to Class Counsel; and (d) any and all costs of notice and settlement administration.

3

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

1.17. **Person(s).** Person(s) has the broadest meaning possible and includes all legal entities such as corporations, companies, and the like.

1.18. **Preliminary Approval Order.** "Preliminary Approval Order" means an Order consistent with Paragraph 7, preliminarily approving the Settlement, conditionally or preliminarily certifying a class for settlement, directing the issuance of class notice, and scheduling a settlement hearing under Missouri Supreme Court Rule 52.08.

1.19. **Released Persons.** "Released Persons" means Lou Budke, including its current and former officers, directors, successors, predecessors, subsidiaries, parent companies, divisions, employees, attorneys, and agents.

1.20. **Released Claims.** "Released Claims" means all past and present known and unknown claims, demands, damages, causes of action or suits seeking damages or other legal or equitable relief arising out of or in any way related to the repossession and disposition of personal property collateral in connection with any of Lou Budke's loans encompassed by the Class or any claim relating to the adequacy or sufficiency of notices and disclosures related to any Lou Budke direct or indirect collateralized loan encompassed by the Class, whether arising from federal, state or local law or regulation which any of the Class Members have or may have had, or now have, from the beginning of time up through and including the Effective Date, against Lou Budke. Released Claims may not be construed in any manner that precludes recovery by the Class Representative and Class as contemplated by Paragraph 3.14.

1.21. **Releasors.** "Releasors" means the Class Representative and all Class Members, and each of their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming jointly with or by or through any or all of them. Releasors does not include: (a) any members of the Class who opt out of the Settlement under Paragraph 8; or (b) any persons not identified by Lou Budke as a member of the Class.

1.22. **Settlement.** Settlement means the compromise in settlement memorialized in this Agreement.

1.23. **Settlement Administrator.** "Settlement Administrator" means American Legal Claim Services LLC, or any other independent class action settlement administrator company retained by Class Counsel and approved by the Court to administer the Settlement.

1.24. **Settlement Hearing.** "Settlement Hearing" means the hearing on final approval of the class action settlement embodied in this Agreement.

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

1.25.  **Total Class Benefit**. "Total Class Benefit" means the quantifiable benefits conferred upon the Class, including the Cash Fund of $185,000.00, the Gross Deficiency Write-Off Amount, which Lou Budke currently estimates as in excess of $850,000.00, and benefits conferred by Paragraph 3.11 for a Total Class Benefit exceeding $4,850,000.

## 2.  The Class

2.1.  **Class**. The "Class" means all persons to whom Lou Budke mailed a presale notice or post-sale notice.

2.2.  **Exclusions**. Excluded from the Class are all persons whom Lou Budke has obtained a final deficiency judgment or who filed for bankruptcy after the date on their presale notice and whose bankruptcy ended in discharge rather than dismissal.

2.3.  **Class List**. Acting in good faith and using its best efforts, within five (5) business days after the Court issues its Preliminary Approval Order, Lou Budke must provide a list—in Microsoft Excel spreadsheet format—to Class Counsel of all persons it has identified as in the Class. The list provided to Class Counsel, if ordered by the Court in the Preliminary Approval Order or otherwise, must contain for each member of the Class: (a) their name, Social Security Number, and last known address; and (b) date of purchase, loan number or other loan identifier, the co-borrower or co-buyer, if applicable, the "Amount Financed" and "Finance Charge" from the truth-in-lending information in the loan agreement, the approximate deficiency balance remaining on the loan as of the Effective Date (regardless of whether the amount was written-off or charged-off), and any other reasonable information that Class Counsel and Lou Budke's Counsel mutually agree is necessary for administration of the Settlement. To protect the privacy and the names, addresses, and other personal information of the members of the Class, the list of Class Members attached as **Exhibit C** may not be filed with the Court. If the Court requires the list containing all the information provided to Class Counsel be filed, the Parties agree the list must be filed under seal with the Court to protect the privacy and the names and addresses of the members of the Class.

2.4.  **Failure of Condition**. If the Agreement is not approved by the Court, the Agreement, the Settlement (including any modifications made with the consent of the Parties), and any action(s) taken or to be taken in connection therewith, terminate and become null and void and have no further force or effect, the Preliminary Approval Order must be vacated, the Parties will

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

be restored to their respective positions existing prior to the execution of the Agreement. In addition, neither the Agreement, the Preliminary Approval Order, nor any other document relating to any of the foregoing, may be relied on, referred to or used for any purpose with any further proceedings in the Litigation or any related action, including but not limited to class certification. In such case, or if the Agreement terminates or the settlement does not become effective for any reason, the Agreement and all negotiations, court orders and proceedings relating thereto will be without prejudice to the rights of the Parties, who must be restored to their respective positions existing prior to the execution of the Agreement, and evidence relating to the Agreement, and all negotiations, may not be discoverable or admissible.

2.5.    **No Admission of Liability**. The Parties are entering into this Agreement to resolve vigorously disputed claims that have arisen between them and avoid the burden, expense and risk of further litigation. By entering into settlement negotiations and ultimately this Agreement, Lou Budke is not making any agreement, admission or concession regarding any claims or defenses alleged or asserted. Neither the Agreement nor any of its terms or provisions nor any of the negotiations between the Parties or their counsel may be construed as an admission or concession of any of the Parties of anything, including but not limited to the claims and defenses asserted in the Litigation. The Parties agree that if the Settlement is not approved or anything prevents it from becoming final, nothing contained in the Agreement or the negotiations will be admissible in any way and no Party will seek to admit any such matter.

3.  **Settlement Consideration and Distribution of the Qualified Settlement Fund to the Class Members**

3.1    **Funding**. Within 10 business days after the Effective Date and the receipt of an IRS Form W-9 from the Settlement Administrator for the qualified settlement fund established under Paragraph 14, Lou Budke, must deliver $185,000.00 into a qualified settlement fund established by the Settlement Administrator, subject to Paragraph 14, by wire or some other mutually agreeable form of payment. The account will be labeled "Richard Kyles Class Action Qualified Settlement Fund."

3.2    **Conditions for Return**. The Cash Fund must be returned to Lou Budke if the Settlement is rescinded, terminated, vacated, voided, or the Effective Date does not arrive for any other reason.

3.3    **Fund Administration**. The Settlement Administrator, subject to such supervision

6

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

and direction of the Court as may be necessary, shall be responsible for and shall administer and oversee the distribution of the Total Class Benefit, Cash Fund, and Net Distributable Settlement Fund under the terms of the Agreement.

    3.4    **Reallocation for Opt-Outs**. Subject to the provisions in Paragraph 8, if any members of the Class timely opt out and exclude themselves from the Settlement, the portion of the Net Distributable Settlement Fund attributable to said "opt outs" remain a part of the Net Distributable Settlement Fund and will be reallocated to the Class Members *pro rata*. The Parties shall submit any required revisions to the Court prior to the Final Hearing Date.

    3.5    **Class Member Payments**. The Settlement Administrator and/or Class Counsel shall calculate the Total Class Benefit, Cash Fund and Net Distributable Settlement Fund and the Settlement Administrator shall distribute the Net Distributable Settlement Fund to the Class Members in the pro rata amounts set forth in Paragraph 1.6, or as the Court may otherwise determine and approve. The Settlement Administrator shall distribute the Class Member Payments within 30 days after the Effective Date by checks mailed to the Class Members. The Settlement Administrator will re-mail any returned check to any new address disclosed. If any check is returned a second time, or if any unreturned check is deemed void, the Settlement Administrator shall undertake reasonable efforts to locate a current address for the Class Member.

    3.6    **Check Expiration**. Following the expiration of 90 days after the Effective Date, all checks first issued to the Class Members as a Class Member Payment not cashed or negotiated will be deemed void, and the Settlement Administrator shall stop payment on such checks. Following the expiration of 180 days after the Effective Date, all checks reissued to the Class Members as a Class Member Payment not cashed or negotiated will be deemed void, and the Settlement Administrator shall stop payment on such checks. All portions of the Net Distributable Settlement Fund remaining 180 days after the Effective Date, less any costs or expenses associated with stopping payment on such checks, shall be paid to Legal Services of the Eastern District of Missouri.

    3.7    **Allocation of Class Member Payments**. For purposes of issuing Settlement Checks, payment to joint or co-obligors or co-borrowers shall be divided equally between co-borrowers and a separate check shall be sent to each co-borrower. Any Settlement Checks for Class Members who are joint or co-obligors or co-borrowers shall be issued and shall be mailed to the last known address. Any Class Member who receives a payment under the Settlement shall be

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

solely responsible for distributing or allocating such payment between or among all co-borrowers on his, her, or their loan, regardless of whether a payment check has been made payable to all or only some of the Class Members' co-borrowers. All Class Members represent and warrant he or she is entitled to receipt of the Class Member Payment and has not assigned by operation of law or otherwise the right to receipt of the Class Member Payment. The Class Members shall, upon receipt of any Class Member Payment, remit the Class Member Payment to any persons having received by assignment or operation of law any right, title or interest to or in the Class Member Payment.

3.8 **No Responsibility**. The Released Persons shall have no responsibility for, interest in, or liability regarding the investment, allocation or distribution of the Net Distributable Settlement Fund, the determination, administration, calculation, or payment of claims, tax liability, the payment or withholding of taxes, or any losses in connection with the Settlement Funds or the implementation of this Settlement.

3.9 **Bankruptcy**. If a Class Member has filed for bankruptcy, the Class Member shall be solely responsible for providing any required notice to the bankruptcy trustee or bankruptcy court of the Settlement and Class Member Payment.

3.10 **Write-Off of Class Members' Account Balances or Lou Budke's Deficiency Claims.** The original amount and enforceability of the alleged deficiency balances outstanding on each Class Member's account is disputed in good faith. As a result of this good-faith dispute, Lou Budke shall write-off all deficiency balances on the loans associated with the allegedly defective presale and post-sale notices for the Class Members. The write-off of deficiencies shall operate to reduce the alleged obligations of the Class Members to zero. The Class shall be specifically informed by way of the notice to the class ("Class Mail Notice") of the potential tax consequences of the proposed settlement.

Promptly upon the Effective Date of the Agreement, Lou Budke will, regarding all Class Members, close all accounts that are the subject of the Litigation and write off any remaining deficiency balances then owed or claimed remaining as of the Effective Date on the Class Members' collateralized loans, as of the Effective Date and will cease all collections and attempts to collect monies regarding said closed accounts and written off balances. Upon Preliminary Approval being granted, Lou Budke shall not accept payments on Class Members' deficiency balances and will return any payment received by returning the payment instrument to the sender.

8

If final approval is not granted, all collections on the closed accounts and written off balances after the date of Preliminary Approval shall be retained by Lou Budke. Lou Budke estimates the Deficiency Write-Off and all account balances and deficiency claims written off under the terms of this Agreement exceeds $850,000.00 and shall be included as part of the Total Class Benefit.

    3.11   **Credit Reporting by Lou Budke.** After the Effective Date, Lou Budke will cease reporting to the national credit reporting agencies (Experian, Equifax, TransUnion, and Innovis) (the "Credit Bureaus") there is any amount due or owing from the Class Members on the loans that are the subject of this Settlement. Within 30 days after the Effective Date, Lou Budke will submit to the Credit Bureaus, through an electronic file, a request to delete the trade line for each loan that is the subject of this Settlement.

    The Parties acknowledge the Credit Bureaus are separate and distinct entities from Lou Budke. The Parties acknowledge that Lou Budke can request, but cannot guarantee, warrant, or take responsibility for the Credit Bureaus regarding changing, deleting, suppressing, or making entries regarding any credit information or other information regarding the Class Members' accounts concerning their loans or financing from Lou Budke for any loan by Lou Budke. Provided Lou Budke has undertaken its obligations in this Paragraph 3, Class Representatives and the Class Members waive all claims, whether arising in contract or tort, common law or statute, and/or federal or state law (including, but not limited to, claims for any damages, attorneys' fees and/or costs) against Released Persons that may arise subsequent to the Agreement or which arise out of or relate to actions required to be taken by Lou Budke under this provision. If an item fails to get deleted or the reporting reoccurs on any account involved in this Litigation after Lou Budke's initial request, the only remedy of the Class Members as to Released Parties for the failure of any consumer or credit reporting agencies to amend the consumer or credit report is to request in writing that Lou Budke again request that its tradeline be deleted as to the relevant finance agreement. It shall be solely the obligation of the individual Class Members to review their respective credit reports with the consumer or credit reporting agencies to ensure that the consumer or credit reporting agencies have complied with Lou Budke's request to delete the tradeline.

    3.12   **Tax Reporting by Lou Budke**. The parties acknowledge that no tax advice has been offered or given by either party, their attorneys, agents, or any other representatives, in the course of these negotiations, and each party is relying upon the advice of its own tax consultant with regard to any tax consequences that may arise as a result of the execution of this agreement.

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

Notwithstanding anything herein to the contrary, the Parties acknowledge and agree the Class Members' claims are premised on state law which bars the recovery of Class Members' deficiency balances because Lou Budke sent defective right to cure, presale, and post-sale notices to the Class Members that did not comply with Missouri law.

3.13    **Settlement Administrator**. Any costs, fees, and expenses, including but not limited to class administration, shall be paid from the Cash Fund or by Class Counsel as the Court may direct and approve.

3.14    **Judgment**. Notwithstanding anything to the contrary, Lou Budke will not contest a judgment being entered against it in an amount to be determined by the Court, comprising damages for wrongful repossession, libel/slander/defamation, invasion of privacy, and other uncertain or hard to quantify damages, plus pre-judgment interest and post-judgment interest. Kyles will seek a judgment equal to the statutory damages provided in § 9-625, the time price differential ("finance charge") paid by the Class, plus prejudgment interest and post-judgment interest. Other than the $185,000 to be paid by Lou Budke, the judgment shall indicate nothing may be satisfied from Lou Budke's assets for its obligations required under this Agreement and any remaining amount may only be satisfied from Lou Budke's insurers, insurance agents, or insurance brokers. The judgment may not be satisfied from attaching or otherwise acquiring other assets of Lou Budke or Lou Budke's officers, directors or shareholders. Lou Budke will cooperate with Kyles in obtaining the judgment, including waiving its rights to: (1) a jury trial; (ii) present evidence; (iii) object to evidence; (iv) question witnesses called by Kyles; (v) make argument to the Court in opposition to Kyles' arguments; and (vi) appeal any decision or judgment of the Court.

Notwithstanding anything to the contrary, Lou Budke will assign to the Class all its claims and rights against its insurers, insurance agents and brokers who issued policies in effect during the class period, including without limitation, any claims of bad faith failure to settle and breach of the duty to defend. If the Court grants final approval, then the Class may pursue claims against insurers to recover the judgment. Lou Budke agrees to cooperate in the collection efforts against the insurers, insurance agents and brokers.

The Class Members shall receive the funds remaining from any recovery from the insurers or insurance agents and bankers after any court-approved attorney's fees and costs are deducted.

4.    **Incentive Award, Attorneys' Fees and Costs and No Publicity**

10

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

4.1.    **Incentive Award**. Class Counsel and/or Class Representative may petition the Court for the payment of an incentive award for Kyles in a total amount not to exceed $10,000 in recognition of services rendered for the benefit of the Class throughout the Litigation. Any incentive award approved by the Court shall be paid from the Cash Fund and not in addition to it. Any incentive award approved by the Court shall be deducted from the Cash Fund and distributed to the Class Representative with his Class Member Payment. Lou Budke will not object to Class Representative applying to the Court for and/or receiving an incentive award in the above-stated amount. The Class Representative shall provide a form W-9 to the Settlement Administrator prior to having the Settlement Administrator issue the award.

4.2.    **Cost Award**. Class Counsel and/or Class Representative may petition the Court for an award of litigation costs and expenses. Any such litigation costs and expenses will be paid from the Cash Fund and distributed to Class Counsel the first business day after the Cash Fund is received by the Settlement Administrator. Lou Budke will not object to Class Counsel or Class Representative applying to the Court for and receiving an award of litigation costs and expenses from the Cash Fund not to exceed $20,000.

4.3.    **Fee Award**. Class Counsel and/or Class Representative may also petition the Court for an award of attorney's fees based on a percentage of the Total Class Benefit. Any such fee award approved by the Court will be paid from the Cash Fund and distributed to Class Counsel the first business day after the Cash Fund is received by the Settlement Administrator. Lou Budke will not object to Class Counsel or Class Representative applying to the Court for, and receiving an award of, attorneys' fees not to exceed 35% of the Total Class Benefit.

4.4.    **No Publicity**. Class Counsel agrees, as part of the consideration for this Settlement, it will not in any way publicize this Settlement other than providing the class notices as specifically set forth in this Agreement or by Court Order. As such, Class Counsel shall not publicize the Settlement, nor will they issue any press releases or speak to the press about the litigation and/or Settlement other than to direct them to the Class Notice provided for herein.

**5.    Releases**

5.1.    **Final Release**. Upon Lou Budke's compliance with its obligations under this Agreement, Releasors, by operation of the Agreement and the judgment in the Final Order and Judgment, shall be deemed without further action by any person or the Court, (i) to have fully,

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

finally and forever released, settled, compromised, relinquished, and discharged all of the Released Persons of all Released Claims; (ii) and to be forever barred and enjoined from instituting or further prosecuting in any forum including, but not limited to, any state, federal, or foreign court, or regulatory agency, the Released Claims against Lou Budke. The Parties agree that the Released Persons will suffer irreparable harm if any Class Member takes actions inconsistent with this release, and that the Released Persons may seek an injunction on such action without further showing of irreparable harm.

5.2. **Known and Unknown Claims**. The Releasors acknowledge and agree that they know they may discover material or immaterial facts besides or different from those which they now know or believe to be true regarding the subject matter of the Release, but they intend to and do, upon the Effective Date of the Agreement, fully, finally and forever settle and release each and every of the Released Persons from every Released Claim, known or unknown, suspected or unsuspected, accrued or not accrued, contingent or matured, which now exists, may exist, or may heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts.

5.3. **Binding**. Subject to Court approval, each Class Member shall be bound by the Agreement and release even if they never received actual, prior notice of the Litigation or the Settlement in the Class Mail Notice or otherwise. The Release and agreements in this paragraph shall apply to and bind all Class Members, including those Class Members whose Class Mail Notices are returned as undeliverable, and those for whom no current address can be found.

5.4. **Generality of the Release**. Nothing in this section is intended to limit the generality of the release and covenant not to sue set forth above. It is the purpose and intent of this Settlement Agreement that all claims, actions and causes of action by the Class Representative and Class Members as set forth in the Counterclaim, and/or any claims under the financing agreement(s) which are the subject matter of the instant proceeding, shall forever be barred, with the respect to Lou Budke. There shall be no release in effect as to any Lou Budke insurers, insurance agents, or insurance brokers. The doctrines of *res judicata* and collateral estoppel shall apply to all Class Members with respect to all issues of law and fact and matters of relief within the scope of all filed complaints in this Action, the Released Claims, and this Settlement Agreement. If a Class Member seeks, in a separate action or proceeding, relief that would be inconsistent with the terms of this Settlement Agreement, Lou Budke or any Released Party may by affidavit or otherwise in writing,

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

advise the other Parties and the court or other forum in which such action or proceeding is brought, that such relief in that action or proceeding is unwarranted. If requested by Lou Budke or any Released Party, the Class Representative or Class Counsel shall also advise the Court or other forum in which such action or proceeding is brought, in writing, that such relief in that action or proceeding is unwarranted. Provided that, since this Settlement Agreement provides for review by the Court, any of the Parties may recommend that matters raised in such separate action or proceeding should be submitted to the Court for resolution under the terms of this Settlement Agreement.

6.    **Representations and Stipulations**

6.1.    **Lou Budke's Representations**. Lou Budke represents, warrants, and declares that:

6.1.1.    it has acted in good faith and has used its best efforts in identifying the members of the Class;

6.1.2.    to the best of Lou Budke's actual knowledge, there are no members of the Class other than those identified; and

6.1.3.    the total amount due and owing from the Class Members for "deficiencies" on the Effective Date, if such totals could be determined or located, is in excess of $850,000.00.

6.2.    **Class Counsel's Representations**. Except for Kyles and Justin Wells, Class Counsel represent and warrant to Lou Budke they have not been retained by any client to commence a new lawsuit or pursue any claims or right of relief against Lou Budke regarding any of the Released Claims. In addition, Class Counsel agrees they will not solicit the right to legally represent any member or members of the Class who opt(s) out of the Class and Settlement regarding the Released Claims unless the Agreement terminates or does not become effective. Class Counsel also warrant they do not presently have any intention of seeking to represent any clients who have, or claim to have, any claims against any of the Released Parties. To the fullest extent permitted by law, Class Counsel shall not actively advertise for or undertake to solicit any person to sue Lou Budke on any claim or theory.

7. **Preliminary Approval Order**

The Parties shall promptly move the Court for a Preliminary Approval Order that:

7.1.    Preliminarily approves the Agreement as fair, reasonable and adequate under

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

Missouri Supreme Court Rule 52.08 subject to a final determination by the Court;

7.2.    Stays all proceedings in the Litigation, enjoins the prosecution by Class Members who do not timely and validly exclude themselves from this Settlement of any non-filed or pending individual or class claims asserting any claim(s) encompassed by the claims released above;

7.3.    Approves a form of mailed notice substantially like the Class Mail Notices attached hereto as **Exhibit A** to be sent to the members of the Class by first-class mail or email at the best updated address available to Lou Budke or any better subsequent address determined by the Settlement Administrator;

7.4.    Approves a Long-Form Notice (substantially like the form attached hereto as **Exhibit B**) that contains more extensive information than the Class Mail Notice and that will be provided to members of the Class by request and on a website;

7.5.    Directs the Settlement Administrator to mail the Class Mail Notice promptly after entry by the Court of the Preliminary Approval Order to the Class by first-class mail or email to the last known address of such persons and to provide the Long-Form Notice to members of the Class on a website or otherwise if Class Members request it;

7.6.    Schedules a hearing for final approval of the Agreement;

7.7.    Establishes a procedure for members of the Class to opt out and setting a date, approximately 30 days after the mailing of class notice or earlier as the Court directs, after which no member of the Class shall be allowed to opt out of the Class;

7.8.    Establishing a procedure for the members of the Class to appear and/or object to the Settlement and setting a date, approximately 30 days after the mailing of the Class Mail Notices or earlier as the Court directs, after which no member of the Class shall be allowed to object; and

7.9.    Containing such other provisions consistent with the terms and provisions of the Agreement as the Court may deem advisable.

8.    **Opt-Outs and Objections by Members of the Class**

8.1.    **Procedure for Opt-Out Requests.** The deadline for opt-out requests shall be set forth in the Preliminary Approval Order. Any request to opt out must be in writing and must include the name, address, telephone number, last four digits of the Social Security Number of the Class Member seeking to opt out, and a statement that the Class Member and all other borrowers named on the Class Member's Retail Installment Contract and Security Agreement or governing

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

loan agreement are seeking exclusion. Any opt-out request must be signed by each person who was a party to the Retail Installment Contract and Security Agreement or governing loan agreement that is the subject of this Litigation, unless such person is deceased. If a party to the Retail Installment Contract and Security Agreement or governing loan agreement is deceased, a copy of the death certificate for such person shall be submitted with the opt-out request. Any opt-out request must include a reference to "*Lou Budke v. Richard Kyles*, Case No. 15SL-AC29334-01" and be mailed to the Settlement Administrator. Class Counsel will cause the Settlement Administrator to send all opt-out requests to Class Counsel and Lou Budke's Counsel via email within two days after receiving said requests. To be timely and effective, any opt-out request must be postmarked by the date established by the Court in the Preliminary Approval Order. No member of the Class may opt out by having a request to opt out submitted and signed by an actual or purported agent or attorney acting on behalf of the Class Member. No opt-out request may be made on behalf of a group of Class Members. Each member of the Class not submitting an opt-out request that substantially complies with Paragraph 8 shall be included in the Class and deemed a Class Member. The Settlement Administrator shall provide to the Court, by the date of the Final Approval Hearing, a list of all persons, by reference to a unique identifier or the last four digits of their Social Security Number, who have timely and adequately filed a request to be excluded from the Settlement.

8.2.   **Opt-Out Limit**. If 10% or more of the class opts out of the Settlement, then the parties will have 21 days to determine whether to withdraw from the settlement. If the option to rescind is exercised, then the Settlement Agreement is void, and the Parties shall return to the status quo as if the Parties had not entered into the Settlement Agreement, and nothing contained in the Agreement or the settlement negotiations shall be discoverable or admissible in Court. If the option to rescind is exercised this Agreement may not be used as evidence or otherwise be used in any court filing or proceeding. Notwithstanding anything to the contrary in this Agreement, if Lou Budke elects to rescind this Agreement under this Paragraph 8.2, Lou Budke will reimburse Class Counsel for the documented expenses and costs actually incurred by the Settlement Administrator before Lou Budke exercised its unilateral rescission right.

8.3.   **Procedure for Objections to Settlement**. Any member of the Class who wishes to object to the Settlement or to the incentive award or the awards of expenses, costs and/or attorneys' fees must file a written notice of objection, including supporting papers as described

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

further below (collectively referred to as the "Notice of Objection"), with the Court on or prior to the date established by the Court in the Preliminary Approval Order. To determine timeliness, a Notice of Objection shall be deemed to have been submitted when received and filed with the Clerk of Court. Copies of the Notice of Objection must also be postmarked by the date established by the Court in the Preliminary Approval Order, which shall be no later than ten (10) days before the Final Hearing Date:

> Martin L Daesch, Esq.
> Jesse B. Rochman, Esq.
> Craig W. Richards, Esq.
> Onder Law, LLC
> 110 E. Lockwood Avenue
> St. Louis, Missouri 63119
> (on behalf of the Class)
>
> and
>
> William Whealen, Jr.
> 13690 Riverport Dr., Ste 250
> Maryland Heights, MO 63043
> (on behalf of Lou Budke)

The Notice of Objection must be in writing and shall specifically include:

(i)    The name, address, telephone number, facsimile number (if available), email address (if available) and last four digits of the Social Security Number of the Class Member filing the objection;

(ii)   A statement of each objection asserted;

(iii)  A detailed description of the facts underlying each objection;

(iv)   Any loan documents in the possession or control of the objector and relied upon by the objector as a basis for the objection;

(v)    If the objector is represented by counsel, the name, address, telephone number, facsimile number (if available) and email address (if available) of the counsel, and a detailed description of the legal authorities supporting each objection;

(vi)   If the objector plans to utilize expert opinion and/or testimony as part of the objection(s), a written expert report from all proposed experts that outlines each of the expert's opinions and the factual and substantive bases thereof;

16

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

(vii)   If the objector plans to call a witness or present other evidence at the hearing, the objector must state the identity of the witness and identify any documentary evidence by attaching the documents to the objection, and the objector must provide any other evidence that the objector intends to present;

(viii)  A statement of whether the objector intends to appear at the hearing;

(ix)    A copy of any exhibits which the objector may offer during the hearing;

(x)     A reference to *"Lou Budke v. Richard Kyles*, Case No. 15SL-AC29334-01;" and

(xi)    **A certification under 28 U.S.C. § 1746 or similar state law in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".**

Attendance at the final hearing by an objector is optional. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed settlement or any other provision of the Agreement. The agreed-upon procedures and requirements for filing objections should ensure the efficient administration of justice and the orderly presentation of any Class Members' objections to the Agreement, in accordance with such Class Members' due process rights. The Preliminary Approval Order and Long-Form Notice shall require all Class Members who have any objections to serve by mail or hand delivery such objection upon Class Counsel and Lou Budke's Counsel at the addresses in the Long-Form Notice no later than the objection date set by the Court. If the objecting Class Member opts to serve the objection upon Class Counsel and Lou Budke's Counsel by mail, the objection must be postmarked no later than the objection date set by the Court. The Preliminary Approval Order shall further provide that objectors who fail to properly or timely file their objections with the Clerk of the Court with the required information and documentation, or fail to serve them, shall not be heard during any hearings, nor shall their objections be considered by the Court.

Under no circumstances shall Lou Budke, Class Counsel, the Class Representative, or the Released Parties be responsible for paying any monies or other consideration to objectors and/or counsel for objectors under the terms of this Settlement Agreement or otherwise.

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

**9.    Final Approval Order and Final Judgment**

9.1.    **Final Approval Order.** Class Representative, Class Counsel, and Lou Budke agree they will request the Court to enter, after the hearing on final approval of the Agreement, a Final Approval Order finding that the Agreement is fair, reasonable, and adequate and in the best interest of the Class and ordering the Parties to carry out the Agreement.

9.2.    **Final Judgment.** Class Representative, Class Counsel, and Lou Budke agree they will request the Court to enter a Final Judgment consistent with Paragraph 3.14 and noting the Court's decision to reserve continuing jurisdiction over the enforcement of the Agreement and the administrator and distribution of the Settlement Funds and any funds recovered under the judgment.

9.3.    **Final Accounting.** The Settlement Administrator, with the assistance of Class Counsel, shall file a final accounting with the Court within 300 days after the Effective Date. This final accounting shall contain a summary of all the distributions of the Cash Fund. Upon receipt of the final accounting, the Court, if satisfied with such report, shall file a Notice of Acceptance of Final Accounting indicating the Court's approval. If the Court requires clarification or additional information, the Parties shall furnish such information within 10 business days after such request or within the timeframe ordered by the Court.

**10.    Certifications to the Court**

10.1.    **Affidavit about Initial Notice Mailing.** By the Final Hearing Date, the Settlement Administrator shall file with the Court an affidavit verifying the Court-approved Class Mail Notices have been sent by first-class mail and the Long-Form Notice has been provided to members of the Class on a website or otherwise upon the request of Class Members.

10.2.    **Affidavit about Undeliverable Notices.** By the Final Hearing Date, the Settlement Administrator shall file with the Court an affidavit verifying it has complied with the procedures described in Paragraph 13 regarding all Class Mail Notices returned as undeliverable.

**11.    Effectiveness of Settlement Agreement**

The "Effective Date" of the Agreement shall be the date when each of the following conditions have occurred:

11.1.    A Final Approval Order has been entered by the Court.

11.2.    A Final Judgment has been entered by the Court.

11.3.   The Final Approval Order and the Final Judgment entered have become final for purposes of appeal because of (i) the expiration of the time for appeals therefrom with no appeal having been taken or, (ii) if review of the order, or any portion thereof, is sought by any person, the matter has been fully and finally resolved by the appellate court(s) and the time for seeking any higher level of appellate review has expired.

11.4.   If any material portion of the Agreement, the Final Approval Order, or the Final Judgment is vacated, modified, or otherwise altered on appeal, any Party may, within seven business days after such appellate ruling, declare that the Agreement has failed to become effective and in such circumstances the Agreement shall cease to be of any force and effect as provided in Paragraph 12. Notwithstanding anything to the contrary in this Agreement, if Lou Budke declares the Agreement has failed to become effective under this Paragraph 11, Lou Budke will reimburse Class Counsel for the documented expenses and costs actually incurred by the Settlement Administrator before Lou Budke made the declaration.

11.5.   Once all obligations of Lou Budke  have been completed as required by the Agreement, Class Counsel shall file a Satisfaction of Judgment, as to Lou Budke only, in this case within 10 business days after Lou Budke has filed an affidavit of compliance with the Court affirming all obligations of Lou Budke  have been completed as required by the Agreement.

**12.     Failure of Condition**

If the Agreement fails to become effective, the orders, judgment, and dismissal to be entered under the Agreement shall be null and void or otherwise vacated, and the Parties will be returned to the status quo as if the Agreement had never been entered. In addition, the Agreement and all negotiations, court orders and proceedings relating to the Agreement shall be without prejudice to the rights of all Parties, and evidence relating to the Agreement and all negotiations shall not be admissible or discoverable.

**13.     Class Mail Notice Forms**

13.1.   **Address Update.** Before mailing the Class Mail Notices, the Settlement Administrator will update the addresses by the United States Postal Service's National Change of Address database or another address database service (e.g., Accurint, Intelius). The Settlement Administrator will re-mail any returned notices to any new address disclosed. If any notice is returned a second time, the Settlement Administrator shall undertake reasonable efforts to locate a current address for the Class Members. The portion of the Net Distributable Settlement Fund

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

attributable to where the Settlement Administrator is unable to obtain a current address shall remain a part of the Net Distributable Settlement Fund and will be reallocated to the Class Members with valid current addresses *pro rata*. The notices shall be mailed within the later of 20 business days after the Preliminary Approval Order or 10 business days after Lou Budke provides Settlement Administrator with the Class List. Also, within 20 business days after the Preliminary Approval Order, the Settlement Administrator will provide the Court-approved Long-Form Notice on a website the Class Members can access. If requested by any Class Member, the Settlement Administrator shall also mail a copy of the Long-Form Notice to the requesting member by first-class mail.

13.2. **Release Regardless of Receipt of Notice**. Subject to Court approval, all Class Members shall be bound by the Agreement and the Released Claims shall be released even if a Class Member never received actual notice of the Litigation or the Settlement. Further, the Parties expressly acknowledge and agree that a Final Judgment shall be entered by the Court barring the re-litigation of the Released Claims, regardless of whether the claims were asserted, to the fullest extent of the law, and that any judgment shall be entitled to Full Faith and Credit in any other court, tribunal, forum, including arbitration forum, or agency.

14. **Qualified Settlement Fund**

14.1. **Treasury Regulations**. The Cash Fund shall constitute a "qualified settlement fund" ("QSF") within the meaning of Treasury Regulation Section 1.468B-1 promulgated under Section 468B of the Internal Revenue Code of 1986 as amended. The Settlement Administrator shall be the "administrator" within the meaning of Treasury Regulation §1.468B-2(k)(3).

14.2. **EIN**. Upon establishment of the QSF, the Settlement Administrator shall apply for an employer identification number for the QSF utilizing Internal Revenue Service Form SS-4 and in accordance with Treasury Regulation §1.468B-2(k)(4).

14.3. **Relation-Back Election**. If requested by either Lou Budke or the Settlement Administrator, the Settlement Administrator and Lou Budke shall fully cooperate in filing a relation-back election under Treasury Regulation §1.468B-1(j)(2) to treat the QSF as coming into existence as a settlement fund as of the earliest possible date.

14.4. **Tax Returns and Statements**. Class Counsel shall cause the Settlement Administrator to file, on behalf of the QSF, all required federal, state, and local tax returns,

information returns and tax withholdings statements under Treasury Regulation §1.468B-2(k)(1) and Treasury Regulation §1.468B-2(1)(2)(ii).

**15.    General Provisions**

15.1.    **Best Efforts to Effectuate Settlement**. The Parties' counsel shall use their best efforts to cause the Court to give Preliminary Approval to this Agreement as promptly as practicable, to take all steps contemplated by this Agreement to effectuate the settlement on the stated terms and conditions and to obtain Final Approval of this Agreement.

15.2.    **Entire Agreement**. This Agreement constitutes the full, complete and entire understanding, agreement and arrangement of and between the Class Representative and the Class Members and Lou Budke regarding the Settlement and the Released Claims against the Released Persons. The Agreement supersedes all prior oral or written understandings, agreements, and arrangements between the Parties regarding the Settlement and the Released Claims against the Released Persons. Except for those set forth expressly in the Agreement, there are no agreements, covenants, promises, representations or arrangements between the Parties regarding the Settlement and/or the Released Claims against the Released Persons.

15.3.    **Modification in Writing**. This Agreement may be altered, amended, modified or waived, in whole or in part, only in a writing signed by all Parties, and approved by Court, if necessary. The Agreement may not be amended, altered, modified or waived, in whole or in part, orally.

15.4.    **Ongoing Cooperation**. The Parties hereto shall execute all documents and perform all acts necessary and proper to effectuate the Agreement. The execution of documents must take place prior to the Final Hearing Date.

15.5.    **Duplicate Originals/Execution in Counterparts**. All Parties, Class Counsel and Lou Budke's Counsel shall sign two copies of the Agreement, and each such copy shall be an original. The Agreement may be signed in one or more counterparts. All executed copies of the Settlement Agreement and photocopies thereof (including facsimile copies of the signature pages) shall have the same force and effect and shall be as legally binding and enforceable as the original.

15.6.    **No Reliance**. Each Party to the Agreement warrants he, she or it is acting upon his, her, or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations made in the Agreement.

21

15.7.    **Governing Law**. The Agreement shall be interpreted, construed, enforced, and administered under the laws of Missouri, without regard to conflict of laws rules. The Agreement shall be enforced in the St. Louis County Missouri Circuit Court. Class Representative, the Class Members, and Lou Budke waive any objection that each such party has to the venue of such suit, action, or proceeding and irrevocably consent to the jurisdiction of the St. Louis County Missouri Circuit Court in any such suit, action or proceeding, and agree to accept and acknowledge service of all process which may be served in any such suit, action or proceeding.

15.8.    **Reservation of Jurisdiction**. The Parties agree that the Court should retain jurisdiction to enforce the terms of the Agreement.

15.9.    **Binding on Successors**. Upon execution, the Agreement shall bind and shall inure to the benefit of the Parties and their respective successors, assigns, executors, administrators, heirs and legal representatives.

15.10.    **Mutual Preparation**. The Agreement shall not be construed more strictly against one party than another merely because it may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's length negotiations between the Parties, all Parties have contributed to the preparation of the Agreement.

15.11.    **Gender Neutrality**. All personal pronouns used in the Agreement, whether used in the masculine, feminine or neutral gender, shall include all other genders, and the singular shall include the plural and vice versa.

15.12.    **Taxes**. All Class Members are responsible for any tax consequences, whether federal, state or local income taxes that may be due on any payments made to them and any other benefit they receive under the Agreement, including benefits related to the Deficiency Write-Off. However, Lou Budke will not issue an IRS Form 1099- to Class Members unless ordered to do so by the IRS. The Parties believe this Settlement does not create a taxable event under IRS regulations governing the discharge of indebtedness under the "contested liability" or "disputed debt" doctrine and/or if the Court makes an independent judicial determination that Lou Budke's presale, or post-sale notices violated Missouri law. The Parties agree the Class Members' deficiency balances never accrued if the right to cure, presale, or post-sale notices violated Missouri law. *See Missouri Credit Union v. Diaz*, 545 S.W.3d. 856 (Mo. App. 2018).

15.13.    **Authority**. Each of the Parties to the Agreement represents, covenants and warrants that (a) they have the full power and authority to enter into and consummate all transactions

contemplated by the Agreement and have duly authorized the execution, delivery and performance of the Agreement and (b) the person executing the Agreement has the full right, power and authority to enter into the Agreement on behalf of the party for whom he/she has executed the Agreement, and the full right, power and authority to execute all necessary instruments, and to fully bind such party to the terms and obligations of the Agreement.

15.14. **Exhibits**. The exhibits attached to the Agreement are incorporated as though fully set forth in the Agreement.

15.15. **Own Fees and Costs**. Except as otherwise provided in this Agreement, each Party shall bear his, her, or its own attorneys' fees, costs, and expenses in the prosecution, defense, or settlement of the Litigation.

15.16. **Miscellaneous**. The terms and amount of the Settlement Fund shall not be disclosed or advertised by any Party or their attorneys to the general public, and any disclosure shall be limited to the Court only as necessary to obtain court approval or as otherwise required by the Court and to the Class Members only in the Class Notice as approved by all parties and the Court.

[Remainder of page intentionally left blank]

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused the Agreement to be executed as of October ___, 2023.

**Richard Kyles**

Dated: October ___, 2023

_____
Richard Kyles, for himself and the Class Members

**Lou Budke's Arrow Finance Co.**

Dated: October _____, 2023

By:_____

Name:_____

Title:_____

**Class Counsel**

Dated: October ___, 2023

By:_____

**Lou Budke's Counsel**

Dated: October _____, 2023

By:_____

24

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused the Agreement to be executed as of October _30_, 2023.

**Richard Kyles**

Dated: October _____, 2023

_____

Richard Kyles; for himself and the Class Members

**Lou Budke's Arrow Finance Co.**

Dated: October _27_, 2023

By: _____

Name: _Andrew Budke_

Title: _President_

**Class Counsel**

Dated: October _____, 2023

By: _____

**Lou Budke's Counsel**

Dated: October _30_, 2023

By: _____  #34078

24

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

## EXHIBITS AND SCHEDULES

Exhibit A – Class Mail Notice

Exhibit B – Long Form Mail Notice

Exhibit C – Class List

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

## <u>EXHIBITS AND SCHEDULES</u>

Exhibit A – Class Mail Notice

Exhibit B – Long Form Mail Notice

Exhibit C – Class List

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

## Notice of Class Action Settlement

*A court authorized this notice. This is not a solicitation from a lawyer.*

If you obtained a loan or financing agreement held by Lou Budke's Arrow Finance Company ("Lou Budke") under which personal property was pledged as collateral and were mailed a presale notice or mailed a post-sale notice, you may be eligible for valuable benefits from a class-action settlement.

### This notice may affect your rights. Please read it carefully.

A settlement has been reached in a class action alleging Lou Budke sent improper notices to you in connection with attempting to collect your loan and repossessing and selling your property. The name of the case is *Lou Budke's Arrow Finance Co. v. Richard Kyles*, Case No. 15SL-AC29334-01, and it's pending in St. Louis County, Missouri Circuit Court. Consult your tax adviser about the tax issues for the settlement.

SETTLEMENT BENEFITS
- <u>Money</u>: $185,000.00 to pay Class Members, attorneys' fees, and costs to Class Counsel and incentive award to the Class Representative. The Class will also have the right to sue some of Lou Budke's insurers for additional money.

- <u>Deficiency Write-Off</u>: Lou Budke will no longer seek to collect any money it claimed you owed after it repossessed property due to it asserting you broke promises in your agreement with Lou Budke. The value of this benefit to the entire Class is at least $850,000.00.

- <u>Credit Bureau Reporting</u>: Lou Budke will try to delete deficiency balance information on your credit reports with the nationwide consumer reporting companies—Equifax, Experian, Innovis, and TransUnion—related to these agreements.

### Do nothing if you want to receive the Settlement Benefits.

IMPORTANT DEADLINES AND DATES
- <u>Exclusion Deadline</u>: If you don't want benefits from this settlement, but you want to keep the right to sue or continue to sue Lou Budke, on your own, about the legal issues in this case, then you must request to be excluded by **[DATE]**. If postmarked by this date, the Court will exclude you from the Class. You can exclude yourself from the Class by using the procedure described in the "Long Form" Notice. The "Long Form" Notice also explains what you gain or give up by either participating in or excluding yourself from the settlement and can be found online at www.repoclassactionsettlement.com.

- <u>Objection Deadline</u>: You may object to the settlement. To object to the settlement, you must file and serve objections postmarked by **[DATE]**, using the procedure described in the "Long Form" Notice.

- <u>Final Approval and Fairness Hearing</u>: The Court will hold a final approval and fairness hearing on **[DATE]** at **[TIME]**. You don't have to attend the hearing to receive the benefits of this settlement, but you may attend if you choose. The hearing will occur at the Twenty-First Judicial Circuit, 105 S. Central Avenue, Clayton, MO 63105. The Long Form Notice advises you on what you must do to speak at the hearing.

**This notice summarizes certain aspects of the proposed settlement. More details are in a "Long Form" Notice and the Settlement Agreement. You can get a copy of both by calling 314-227-7659; writing to OnderLaw, LLC Attn: Tracy Malloy, 110 E Lockwood, St. Louis, MO 63119; or visiting www.repoclassactionsettlement.com**



EXHIBIT

A

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

TWENTY-FIRST JUDICIAL CIRCUIT COURT FOR ST. LOUIS COUNTY, MISSOURI

# If you owned property repossessed by Lou Budke's Arrow Finance Company, you could get valuable benefits from a class-action settlement.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- You may be eligible to participate in a settlement with benefits, including money, the cancellation of certain debts, and the deletion of certain negative credit information from credit reports for all persons to whom Lou Budke's Arrow Finance Company ("Lou Budke") mailed a presale notice or a post-sale notice.

- The settlement resolves a lawsuit over whether Lou Budke sent proper notices to you in connection with attempting to collect your loan and repossessing and selling your property. This settlement avoids costs and risks to you from the lawsuit; provides benefits to borrowers like you; and releases Lou Budke from liability.

- The two sides disagree on whether the borrowers could've won and on how much money they would've been entitled to had they won.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

- Consult your tax adviser about the tax issues associated with this settlement. Relief provided under this settlement, including money and debt reduction, may be subject to tax.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | By doing nothing, you will receive the benefits that come from the settlement, including money. But you give up rights to separately sue Lou Budke about the same legal claims asserted. |
| **EXCLUDE YOURSELF** | Get no money or benefits. This is the only option that allows you to ever be part of any other lawsuit against Lou Budke about the legal claims. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court must still decide whether to approve the settlement. Money and benefits will be provided if the Court approves the settlement and after any appeals are resolved. Please be patient.



EXHIBIT
B

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**................................................................**PAGE 3**
    1.  Why did I get this notice package?
    2.  What is this lawsuit about?
    3.  Why is this a class action?
    4.  Why is there a settlement?

**WHO IS IN THE SETTLEMENT** ...................................................**PAGE 3**
    5.  How do I know if I am part of the settlement?
    6.  Are there exceptions to being included?
    7.  I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU GET** .............................**PAGE 4**
    8.  What does the settlement provide?
    9.  What can I get from the settlement?

**HOW YOU GET SETTLEMENT BENEFITS** .....................................**PAGE 5**
    10.  How can I get my settlement benefits?
    11.  When would I get my settlement benefits?
    12.  What am I giving up to get settlement benefits or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .........................**PAGE 6**
    13.  How do I get out of the settlement?
    14.  If I don't exclude myself, can I sue Lou Budke for the same thing later?
    15.  If I exclude myself, can I get benefits from this settlement?

**THE LAWYERS REPRESENTING YOU** ..........................................**PAGE 6**
    16.  Do I have a lawyer in this case?
    17.  How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** .............................................**PAGE 7**
    18.  How do I tell the Court that I don't like the settlement?
    19.  What's the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING** ............................................**PAGE 8**
    20.  When and where will the Court decide whether to approve the settlement?
    21.  Do I have to come to the hearing?
    22.  May I speak at the hearing?

**GETTING MORE INFORMATION** .................................................**PAGE 9**
    23.  Are there more details about the settlement?
    24.  How do I get more information?

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

# BASIC INFORMATION

## 1. Why did I get a notice?

You or someone in your family may have had a consumer loan agreement directly with or that was assigned to Lou Budke for a loan used to purchase property repossessed and sold by Lou Budke.

The Court sent you a short form notice because you should know about a proposed settlement of a class action lawsuit in which you may be a class member, and about all your options, before the Court decides whether to approve the settlement. If the Court approves it, and after objections and appeals are resolved, if any, Lou Budke will cancel debts and try to delete deficiency balance information from credit reports related to the repossessed property. Class members will also receive payments, as described more fully in this package.

This notice explains in greater detail about the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge is the Twenty-First Judicial Circuit Court for St. Louis County, Missouri, and the case is *Lou Budke's Arrow Finance Co. v. Richard Kyles,* Case No. 15SL-AC29334-01.

## 2. What is this lawsuit about?

The lawsuit claimed Lou Budke violated statutory requirements for certain notices sent by Lou Budke when attempting to collect Class Members' loans and repossessing and selling their property. You can read the claims in more detail in Defendant/Counterclaimant Richard Kyles's Second Amended Petition at www.repoclassactionsettlement.com.

## 3. Why is this a class action?

In a class action, one or more people called Class Representatives (Richard Kyles) sue for other people with similar claims. The people with similar claims are "Class Members," or collectively, the "Class." One court and one lawsuit resolve the issues for all Class Members, except for those who exclude themselves from the Class. Circuit Judge Jason Denney oversees this class action.

## 4. Why is there a settlement?

The parties disagree over who would have won and what Kyles or the potential Class would've recovered if they had won. Kyles believed he could recover 10% of the principal amount of his loan and the interest charge and other relief. Lou Budke believed Kyles and the Class were entitled to nothing. To resolve the dispute, and because both parties are unsure of what would've happened in a trial, they agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get money and other benefits. The Class Representative and the attorneys believe the settlement is fair and equitable for all Class Members.

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

# WHO IS IN THE SETTLEMENT?

To see if you will get money and other benefits from this settlement, you first must decide if you are a Class Member.

## 5. How do I know if I am part of the settlement?

Judge Lorne Baker decided everyone who fits this description is a Class Member:

All persons who have or had a loan or finance agreement held by Lou Budke under which personal property was pledged as collateral who Lou Budke mailed a presale or post-sale notice. Excluded from the class are persons whom Lou Budke has obtained a final deficiency judgment or who filed for bankruptcy after the date on their presale notice and whose bankruptcy ended in discharge rather than dismissal.

## 6. Are there exceptions to being included?

You're not a Class Member if Lou Budke has obtained a deficiency judgment against you or you filed for bankruptcy after the date on your presale notice and your bankruptcy ended in discharge rather than dismissal.

## 7. I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help. You can call 1-800-555-5555 or visit www.repoclassactionsettlement.com for more information.

# THE SETTLEMENT BENEFITS—WHAT YOU GET

## 8. What does the settlement provide?

Lou Budke has agreed to provide the Class with settlement benefits valued over $4,850,000.00, which include:

**MONEY**
Lou Budke has agreed to create a $185,000 fund to pay: (a) Class Members with their vehicles repossessed and sold by Lou Budke; (b) the attorneys' fees and expenses for representing the Class; and (c) Richard Kyles (Defendant/Counterclaimant) for his services as Class Representative. This amount is called the "Cash Fund." Lou Budke has also agreed to assign its claims and rights against companies that provided it insurance for the claims made in this lawsuit. If claims against insurers are successfully prosecuted, Class Members will receive the money remaining from any recovery from the insurers after attorney's fees and costs are deducted.

**DEFICIENCY WRITE-OFF**
After the Effective Date (as defined in the Agreement) Lou Budke will no longer seek to collect any money it claimed you owed after it repossessed property because of its claim you broke promises in your agreement with Lou Budke. These outstanding amounts are called "Deficiency Balances," and Lou Budke has agreed to eliminate these Deficiency Balances and close the accounts connected with them. The value of this benefit to

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

the Class and the Deficiency Balances being eliminated is approximately $850,000.00. This amount is called the "Deficiency Write-Off."

**CREDIT BUREAU REPORTING**
After the Effective Date, Lou Budke will try to delete deficiency balance information from your credit report with the nationwide consumer reporting companies—Equifax, Experian, Innovis, and TransUnion—related to the Deficiency Balances.

Class Members are strongly encouraged to consult with a tax professional about the tax effects of any money and other benefits (including the Deficiency Write-Off) received from this settlement. The attorneys in this case cannot provide you with any tax advice, and your receipt of benefits under this settlement might have tax consequences.

## 9. What can I get from the settlement?

Every Class Member will receive the benefits of the Deficiency Write-Off. The average payment Class Members will receive is not currently known. The payment you receive depends on the money you borrowed and the interest rate on your loan. More money might become available if Class Counsel pursues Lou Budke's insurers and recovers from them.

# HOW YOU GET SETTLEMENT BENEFITS

## 10. How can I get my settlement benefits?

By doing nothing, you will receive the benefits that come from the settlement, including money.

## 11. When would I get my settlement benefits?

The Court will hold a hearing on **[DATE]**, at **[TIME]** to decide whether to approve the settlement. Even if Judge Denney approves the settlement, there may be appeals. It's always uncertain how an appeal will be resolved and how long it will take. Some appeals take more than a year. Please be patient. You'll receive your payment if the settlement is approved and after that approval becomes a "final judgment" (i.e. after any appeals are resolved or the time for appealing has passed).

## 12. What am I giving up to get settlement benefits or stay in the Class?

Unless you exclude yourself by following the procedure below, you are a part of the Class, and that means you can't sue, continue to sue, or be part of any other lawsuit against Lou Budke about the legal issues. For example, you won't be able to make any independent claim against Lou Budke arising from the written notices (presale and post-sale notices) this lawsuit is about. Staying in the Class also means all the Court's orders in this lawsuit will apply to you and legally bind you. To see exactly the legal claims and defenses you give up if you get settlement benefits, please view the Settlement Agreement at www.repoclassactionsettlement.com.

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want benefits from this settlement, but you want to keep the right to sue or continue to sue Lou Budke on your own about the legal issues, then you must try to get out of the settlement. This is called "excluding" yourself—or is sometimes called "opting out" of the Settlement Class.

| 13. | How do I get out of the settlement? |
| --- | --- |

To exclude yourself from the settlement, you must send a letter by mail saying you want to be excluded from *Lou Budke's Arrow Finance Co. v. Richard Kyles, Case No. 15SL-AC29334-01*. Include your name, address, telephone number, last four digits of your Social Security Number, and the name of any other person on your agreement with Lou Budke, along with your signature. The exclusion request must be signed by you **and by any co-borrower on your agreement**, unless the co-borrower is deceased, in which case you must include a death certificate with your request. You cannot exclude yourself by having an actual or purported agent or attorney acting for you or a group of Class Members sign the letter. You must mail your exclusion request postmarked no later than **[DATE]**, to:

American Legal Claim Services, LLC
8011 Philips Hwy, Suite 5
Jacksonville, FL 32256

If you ask to be excluded, you'll get no settlement benefits, and you cannot object to the settlement. You won't be legally bound by anything that happens. You may sue (or continue to sue) Lou Budke about the claims asserted.

| 14. | If I don't exclude myself, can I sue Lou Budke for the same thing later? |
| --- | --- |

No. Unless you exclude yourself, you give up any right to sue Lou Budke for the claims this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is **[DATE]**. Exclusion requests postmarked later than this date will not be honored.

| 15. | If I exclude myself, can I get benefits from this settlement? |
| --- | --- |

No. But you may sue, continue to sue, or be part of a different lawsuit against Lou Budke about the same claims made.

## THE LAWYERS REPRESENTING YOU

| 16. | Do I have a lawyer in this case? |
| --- | --- |

The Court appointed Martin L. Daesch, Jesse B. Rochman, Craig W. Richards and their law firm, OnderLaw, LLC to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. They are experienced in handling similar cases against consumer lenders. More information about these lawyers and their firm is available at www.onderlaw.com. You needn't hire your own lawyer because Class Counsel is working for you. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 17.   How will the lawyers be paid?

Class Counsel has prosecuted this litigation on a contingent basis and has incurred or advanced all costs, expenses, and attorneys' fees associated with the lawsuit since their investigation of claims against Lou Budke in 2015. Class Counsel has not been paid for their work or received reimbursement for the expenses they have incurred or advanced for the Class Representative and Class Members. Class Counsel will ask the Court to approve payment of approximately 35% of the value of the settlement benefits to them for attorneys' fees and $20,000 for expenses and payment of $10,000 to Richard Kyles for his services as Class Representative. The fees and expenses would pay Class Counsel for investigating the facts, litigating the case, negotiating the settlement, and paying the costs to administer the settlement.

If Class Counsel sues Lou Budke's insurers, Class Counsel will do so on a contingent basis and will incur additional costs, expenses and attorneys' fees associated with suing these insurers. Class Counsel will not be paid for their work or receive reimbursement for the expenses they incur or advance associated with suing Lou Budke's insurers. Class Counsel will ask the Court for up to 45% of any monetary recovery from Lou Budke's insurers.

# OBJECTING TO THE SETTLEMENT

You can tell the Court you don't agree with the settlement or some part.

## 18.   How do I tell the Court I don't like the settlement?

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can explain why you think the Court shouldn't approve it. The Court will consider your views. To object, you must send a letter saying you object to *Lou Budke's Arrow Finance Co. v. Richard Kyles, Case No. 15SL-AC29334-01*. Your letter must include your name, address, telephone number, facsimile number (if available), email address (if available), last four digits of your Social Security Number, a statement of your objections, and the reasons and facts you contend support your objections. Your objection must include any documents (including loan documents) you rely upon to support your objection and identify any witnesses you plan to use at the Fairness Hearing (described below). If there is other evidence (e.g., documents) that you rely upon for your objection, you must attach copies to your objection. If you plan to use expert witnesses about your objection, you must provide—with your objection—an expert report for each expert outlining the expert's opinions and the facts and reasons for the expert's opinions. You must also state whether you intend to appear at the Fairness Hearing and provide copies of any evidence you intend to use at the hearing. Finally, you must sign and date the objection and include a statement substantially in this form: "I declare (or certify, verify, or state) under penalty of perjury that all of the information in the objection is true and correct. Executed on (date). (Signature)."

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

Mail the objection to the Court, to Class Counsel, and to Lou Budke's Counsel at the separate addresses below. Your objection must be postmarked no later than **[DATE]**:

| COURT | CLASS COUNSEL | LOU BUDKE'S COUNSEL |
|---|---|---|
| Circuit Clerk's Office<br>Attn: Judge Denney<br>105 S. Central Ave.<br>Clayton, MO 63105 | Martin L. Daesch<br>Jesse Rochman<br>Craig W. Richards<br>OnderLaw, LLC<br>110 E. Lockwood Ave.<br>St. Louis, MO 63119 | William Whealen, Jr.<br>Miller Steeno, P.C.<br>13690 Riverport Dr., Ste. 250<br>Maryland Heights, MO 63043 |

If an attorney is submitting the objection for you, besides information and materials discussed above, the objection must include the name, address, telephone number, facsimile number (if available), and email address (if available) of your attorney and a detailed description of the legal authorities supporting each objection.

If you file an objection, Class Counsel or Lou Budke's Counsel may notice and take your deposition, consistent with the Missouri Supreme Court Rules, at an agreed-upon location before the Fairness Hearing and seek any documentary evidence or other tangible things relevant to the objection. Failure by an objector to comply with discovery requests may cause the Court to strike the objection and otherwise deny that person the opportunity to be heard further. The Court reserves the right to tax the costs of any such discovery to the objector or objector's counsel should the Court determine the objection is frivolous or is made for an improper purpose.

## 19.   What's the difference between objecting and excluding?

Objecting is telling the Court you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

## 20.   When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at **[TIME]** on **[DATE]**, at the Twenty-First Judicial Circuit, 105 S. Central Avenue, Clayton, MO 63105. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Denney will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and the Class Representative. After the hearing, the Court will decide whether to approve the settlement. We don't know how long these decisions will take.

## 21.   Do I have to come to the hearing?

Electronically Filed - ST LOUIS COUNTY - October 30, 2023 - 02:41 PM

No. Class Counsel will answer questions that Judge Denney may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. If you mailed your written objection on time with all the required information, the Court will consider it. You may also pay your own lawyer to attend, but that is unnecessary.

## 22. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. You may speak either for or against the settlement. To speak for the settlement, you must send a letter saying it is your "Notice of Intention to Appear in *Lou Budke's Arrow Finance Co. v. Richard Kyles*, Case No. 15SL-AC29334-01." Include your name, address, telephone number, last four digits of your Social Security Number, and your signature. Your "Notice of Intention to Appear" must be postmarked no later than **[DATE]**, and be sent to the Circuit Clerk's Office, Class Counsel, and Lou Budke's Counsel, at the three addresses provided in question 18.

If you plan to speak at the Fairness Hearing to tell the Court you don't like something about the settlement, you must submit an objection as detailed in question 18 and include with that objection a statement you intend to appear at the Fairness Hearing. The identity of any witnesses or experts you plan to present at the Fairness Hearing, with evidence you intend to present at the Fairness hearing, must also be included with your objection.

You cannot speak at the hearing if you excluded yourself or if you don't send in a request with the required information and documents.

# GETTING MORE INFORMATION

## 23. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by writing to OnderLaw, LLC, Attn: Tracy Malloy, 110 E Lockwood, St. Louis, MO 63119, or by visiting www.repoclassactionsettlement.com.

## 24. How do I get more information?

You can call 314-227-7659; write to OnderLaw, LLC, Attn: Tracy Malloy, 110 E Lockwood, St. Louis, MO 63119; or visit the website www.repoclassactionsettlement.com, where you will find information to help you determine whether you are a Class Member.