## TWENTY-FIRST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| LOU BUDKE'S ARROW FINANCE COMPANY,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>RICHARD KYLES,<br><br>    Defendant/Counterclaimant. | Case No. 15SL-AC29334-01<br>Division 31-M |

**Final Approval Order**

Upon careful review, consideration of the record, and making an independent judicial investigation into the allegations and defenses of the parties, the "Class Action Settlement Agreement and Release" dated October 30, 2023 (the "Agreement"), the evidence and comments of counsel as presented at the Fairness Hearing held on ~~May~~ April 15, 2024, the memoranda filed with this Court, and all other filings for the parties' settlement as memorialized in the Agreement (the "Settlement"); and for good cause shown, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.  **Incorporation of Other Documents**. This Final Approval Order incorporates:

    a.  The Agreement, filed with this Court on October 30, 2023; and

    b.  The following exhibits to the Agreement: (i) Schedule A (Proposed Distribution Schedule of "Net Distributable Settlement Fund," filed under seal); (ii) Exhibit A (Class Mail Notices); (iii) Exhibit B (Long-Form notice available to the Settlement Class); (iv) Exhibit C (list of members of the Settlement Class, filed under seal).

    Unless otherwise provided, all capitalized terms in this Final Approval Order have the same meaning as those terms in the Agreement.

1

**EXHIBIT G**

2.      **Jurisdiction**. Because adequate notice was disseminated and all potential members of the Settlement Class (as defined below) were sent notice of and an opportunity to opt out of the Settlement, the Court has personal jurisdiction over all members of the Settlement Class. The Court has subject matter jurisdiction over the Litigation, including, without limitation, jurisdiction to approve the proposed Settlement, to grant final certification of the Settlement Class, and to enter the accompanying Final Judgment.

3.      **Final Class Certification**. The Settlement Class, which this Court previously certified preliminarily, is finally certified under Missouri Rules of Civil Procedure 52.08. The Settlement Class is defined as:

> All persons to whom Lou Budke mailed a presale notice or a post-sale notice. Excluded from the Class are persons: whom Lou Budke has obtained a final deficiency judgment or who filed for bankruptcy after the date on their presale notice and whose bankruptcy ended in discharge rather than dis-missal.

The Court finds the Settlement Class fully satisfies all the requirements of Missouri Rules of Civil Procedure 52.08 and due process.

  A. **Numerosity**. Rule 52.08(a)(1) requires the class to be "so numerous that joinder of all members is impracticable." Mo. R. Civ. P. 52.08(a)(1). The record shows the Settlement Class has over 200 members. This is sufficiently numerous. *Frank v. Enviro-Tech Servs.*, 577 S.W.3d 163, 168 (Mo. App. E.D. 2019) ("our Court has said that generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the numerosity requirement has been met"); *Dale v. DaimlerChrysler Corp.*, 204 S.W.3d 151, 168 (Mo. App. W.D. 2006) (noting classes with 18, 19, 25, and 29 members was enough). Numerosity is satisfied.

  B. **Commonality**. Rule 52.08(a)(2) requires "there are questions of law or fact common to the class." A single common issue may satisfy this requirement. *Dale*, 204 S.W.3d

2

at 175 ("a single common issue may be the overriding one in the litigation, despite the fact that the suit also entails numerous remaining individual questions."). The common issue "need not be dispositive of the controversy or even be determinative of the liability issues involved." *Id.* In fact, the Supreme Court noted the claims asserted here are ideal for class treatment. *State ex rel. Gen. Credit Acceptance Co., LLC v. Vincent*, 570 S.W.3d 42, 47 (Mo. banc 2019) ("*GCAC*"). The Settlement Class claims are based on interpreting the form UCC notices regarding presale notice of disposition of the collateral. A central aspect of Class Representative's class action was a determination of whether Lou Budke violated any statutory provisions governing its form UCC notices. This is a classic case for class treatment. *Id.* If predominance is satisfied, commonality is satisfied because the "common-question-predominance requirement of Rule 52.08(b)(3) is far more demanding than the commonality prerequisite of Rule 52.08(a)(2)." *Dale*, 204 S.W.3d at 175. Commonality is satisfied.

C. **Typicality**. Rule 52.08(a)(3) requires "the claims ... of the representative parties are typical of the claims ... of the class." The Supreme Court explained to "satisfy the typicality requirement, the class representative 'must be a part of the class and possess the same interest and suffer the same injury as the class members.'" *GCAC*, 570 S.W.3d at 47. "The burden of demonstrating typicality is fairly easily met so long as other class members have claims similar to the named plaintiff." *Dale*, 204 S.W.3d at 169. Class Representative is "a part of the class" because they fit the class definition. *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 360 (3d Cir. 2013) ("It is axiomatic that the lead plaintiff must fit the class definition. Plaintiff cannot represent a class of whom they are not a part."). Class Representative also "possess[es] the same interest and suffer[ed]

3

the same injury as the class members." *GCAC*, 570 S.W.3d at 47. This test is met, and typicality is satisfied, when all the claims arise from the same event or course of conduct of the defendant and provide the same legal or remedial theory. *Elsea v. U.S. Eng'g Co.*, 463 S.W.3d 409, 420 (Mo. App. W.D. 2015) (finding the "circuit court abused its discretion in finding that the typicality requirement was not met" because "the circuit court fail[ed] to recognize that *all* of the claims arise from the same event or course of conduct of the *defendant*."). All the claims arise from the same event or course of conduct of Lou Budke: the mailing of form UCC notices regarding the presale notice of disposition of the collateral. All Settlement Class members seek the same legal remedy: statutory damages provided by § 400.9-625(c)(2), prejudgment interest, injunctive relief, and attorney's fees under §§ 408.562 and 400.9-625.

D. **Adequacy**. Rule 52.08(a)(4) requires a finding that "the representative parties will fairly and adequately protect the interests of the class." Rule 52.08(a)(4). The adequacy requirement "applies both to the named class representatives and to class counsel." *Vandyne v. Allied Mortg. Capital Corp.*, 242 S.W.3d 695, 698 (Mo. banc 2008). "In determining whether the adequacy prerequisite is satisfied as to a class representative, the circuit court must consider whether the named representative has, or may develop during the course of litigation, any conflicts of interest that will adversely affect the interests of the class." *Id.* Class Representative has no interests antagonistic to the other Settlement Class members. The interest of Class Representative and the Settlement Class members are aligned, if not identical. Resolution of questions favorable to Class Representative's claim will be favorable to the Settlement Class; Class Representative and the Settlement Class seek the same form

4

of relief for the same alleged conduct. Class Representative has retained competent counsel with experience in class action litigation, especially consumer class action litigation in Missouri courts. Adequacy is satisfied.

E. **Predominance**. Rule 52.08(b)(3) requires the Court to find "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." The Supreme Court held cases like this satisfy the predominance requirement because "common liability issues predominate[.]" *GCAC*, 570 S.W.3d at 47. Predominance is satisfied.

F. **Superiority**. Rule 52.08(b)(3) also requires the Court to find "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Rule 52.08(b)(3) lists four superiority factors:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

The Court finds these factors all support class certification. A class action is superior to hundreds of individual actions involving the same form documents and uniform business practices. Absent a class action, there is little likelihood Settlement Class members will know they have any claims against Lou Budke like the claims being advanced. The class action device provides an effective procedural tool for advancing and enforcing the important public policy considerations underlying the consumer protection statutes Class Representative seeks to invoke, both for himself and for the Settlement Class. Rule 52.08(b)(3) calls for a comparative assessment of the costs and benefits of class adjudication, including the availability of "other methods" for resolving the controversy.

5

The authors of Rule 52.08 "opted not to make the potential administrative burdens of a class action dispositive and instead directed courts to balance the benefits of class adjudication against its costs." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017). Here, the benefits of class adjudication outweigh its costs. Superiority is satisfied.

4. No person timely excluded themselves from the Settlement Class or objected.

5. **Class Notice**. The Court finds the Class Mail Notices (both the Class Mail Notices and long form notice available on the website or upon request) and its distribution to the Settlement Class as implemented under the Agreement and the Preliminary Approval Order:

   a. Constituted the best practicable notice to the members of the Settlement Class under the circumstances of this Litigation;

   b. Constituted notice reasonably calculated, under the circumstances, to apprise the members of the Settlement Class of (i) the pendency of this Litigation and the proposed Settlement, (ii) their right to exclude themselves from the Settlement Class and the proposed Settlement, (iii) their right to object to any aspect of the proposed Settlement (including, but not limited to: final certification of the Settlement Class; the fairness, reasonableness or adequacy of the Settlement as proposed; the adequacy of Class Representatives and/or Class Counsel's representation of the Settlement Class; the proposed awards of attorney's fees and expenses; and the proposed incentive award), (iv) their right to appear at the Fairness Hearing if they did not exclude themselves from the Settlement Class, and (v) the binding effect of the Orders and Judgment in the Litigation on all members of the Settlement Class who did not request exclusion;

   c. Constituted notice that was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and

d.      Constituted notice that fully satisfied the Missouri Rules of Civil Procedure 52.08, due process, and any other applicable law.

6.      **Final Settlement Approval**.  The terms and provisions of the Agreement, including all exhibits, have been entered in good faith through arm's length negotiations, and not as the result of fraud or collusion. The Agreement is fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members, and in full compliance with all requirements of the laws of Missouri, the United States Constitution (including the Due Process Clause), and any other applicable law.  The Parties are directed to implement and consummate the Agreement according to its terms and provisions.

7.      **Damages**. Lou Budke has agreed not to contest a judgment being entered against it in an amount to be determined by the Court. However, no amount over $185,000.00 may be satisfied from Lou Budke's assets for its obligations required under this Agreement and any remaining amount may only be satisfied from Lou Budke's insurers, or its insurance agents or insurance brokers. *See* Agreement ¶ 3.14.

8.      **Assignment of Claims**. Lou Budke assigns to the Class all of its rights under all insurance policies which Kyles and the Class may seek recovery. *See* Agreement ¶ 3.14. Class Counsel may pursue recovery against Lou Budke's insurers, agents, and brokers, and attempt to recover against any effective insurance policies. Any recovery from the insurers, agents, or brokers will add to the benefits made available to the Class under the Agreement. Class Members will receive funds from any recovery from the insurers after attorneys' fees and costs awarded by the Court are deducted.

9.      **Binding Effect**. The Agreement, this Final Approval Order and the accompanying Final Judgment shall be forever binding on Class Representative, all the Settlement Class

Members, and their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them. The Agreement, this Order and the accompanying Final Judgment shall have *res judicata* and other preclusive effect as to the "Releasors" for the "Released Claims" as against the "Released Persons," all as defined in the Agreement.

10. **Releases**. The Settlement Class Members (*i.e.*, those members of the Settlement Class who did not timely opt out) shall be bound by the Release provided in Paragraph 5 of the Agreement, which is incorporated in this Order, regardless of whether such persons received any compensation under the Agreement or Settlement. The Releases are effective as of the date of this Final Approval Order and the accompanying Final Judgment. The Court expressly adopts all defined terms in the Agreement.

11. **Enforcement of Settlement.** Nothing in this Final Approval Order or the accompanying Final Judgment shall preclude any action by any Party to enforce the terms of the Agreement.

12. **Additional Payment to Class Representatives.** The Court awards $10,000 to be paid from the Cash Fund to Class Representative as an incentive award for his services as class representative in this Litigation.

13. **Class Relief**. As part of the Agreement, Lou Budke will place $185,000.00 into the Cash Fund for monetary recoveries for class members, attorney's fees, costs, and Kyles's incentive award. Lou Budke has also agreed to write off $850,000.00 in debt Lou Budke claims the class members owe. *See* Agreement ¶¶ 1.25, 3.10. Lou Budke has also agreed to submit requests to credit bureaus Experian, Equifax, TransUnion, and Innovis to delete the class members' "tradelines" associated with their accounts subject to the Settlement. *See* Agreement ¶ 3.11.

Missouri courts have assigned a "conservative" value of $10,000 per class member for getting these tradelines removed from their credit reports. *See Universal Credit Acceptance, Inc. v. Myers*, Case No. 15JE-AC05976-01 (Mo. Cir. Feb. 8, 2021); *see also Anheuser Busch Employees' Credit Union v. Wells*, Case No. 1522-AC09263-01 (Mo. Cir. July 10, 2018).[1]

14. **Attorney's Fees and Expenses.** Class Counsel are awarded $168,000.00 from the Cash Fund representing attorney's fees of $148,000.00 and $20,000.00 for an allocated share of expenses and court costs Class Counsel has incurred and advanced for the Litigation and Settlement, which shall be deducted from the Cash Fund as defined in the Agreement. The Court finds and concludes the above award to Class Counsel for work and services for the Litigation and Settlement is reasonable, and regarding this finding, specifically finds:

   a. The undersigned is acquainted with all the issues involved and the work performed by Class Counsel.

   b. Through their settlement negotiations, and by obtaining preliminary and final approval of the Settlement Agreement, Class Counsel and Class Representative achieved exceptional results on behalf of the Settlement Class with the total quantifiable benefit conferred on the Settlement Class valued at approximately $3,905,000.00.

   c. The issues involved were novel, complex, and justify the fee award.

---

[1] *Wells* and *Myers* are similar class actions based on the same types of violations (UCC notices) and remedies sought (statutory damages, deletion of negative credit tradeline, deficiency waiver). A credit damages expert estimated the benefit of having the negative auto loan tradeline deleted from the class members' credit reports, using an "ultra-conservative estimate," equated to $10,000 per class member. The courts took the estimated credit benefits of $10,000 per class member into account when it calculated the aggregate benefits conferred to the class. *See, e.g., Myers*, No. 15JE-AC05976-01 at 9 n. 1 ("Using an estimate of $10,000 in benefit conferred to each class member for deleting their tradeline from their credit reports, the Class also receives a benefit of approximately $77,010,000 ($10,000 per each of the 7,701 identified class members).").

    d. The demands of the settlement approval process and class administration forced Class Counsel to dedicate considerable resources to this lawsuit.

    e. Class Counsel are experienced and highly skilled class action and consumer litigators with a reputation justifying the fee award.

    f. The fee award similar to that granted in similar cases involving complex litigation or in the class-action context.

    g. The Agreement and Long-Form Notice informed the Settlement Class that Class Counsel would apply for fee awards in the amounts requested. No member of the Settlement Class has objected to such awards or the Settlement.

15. **No Other Payments.** The preceding paragraphs of this Final Approval Order preclude, without limitation, all claims for attorney's fees and expenses, costs or disbursements incurred by Class Counsel or any other counsel representing Class Representative or the Settlement Class, or incurred by Class Representative or the Settlement Class Members, or any of them, in connection with or related in any manner to this Litigation, the Settlement of this Litigation, the administration of such Settlement, and/or the Released Claims, except to the extent otherwise specified in this Final Approval Order or the Agreement.

16. **Retention of Jurisdiction.** The Court has jurisdiction to enter this Final Approval Order and the accompanying Final Judgment. Without affecting the finality of this Final Approval Order and the accompanying Final Judgment, this Court expressly retains jurisdiction on all matters relating to the administration and enforcement of the Agreement and Settlement and of this Final Approval Order and the accompanying Final Judgment, and for any other necessary purpose as permitted by law, including, without limitation:

  a. enforcing the terms and conditions of the Agreement and Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to the administration and/or enforcement of the Agreement, Settlement, this Final Approval Order or the Final Judgment (including, without limitation, whether a person is or is not a member of the Settlement Class or a Settlement Class Member; and whether any claim or cause of action is or is not barred by this Final Approval Order and the Final Judgment);

  b. entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and the Final Judgment and/or to ensure the fair and orderly administration of the Settlement and distribution of the Settlement Fund, including presiding over any garnishment actions; and

  c. entering any other necessary Orders to protect and effectuate this Court's retention of continuing jurisdiction.

17. **Separate Judgment.** The Court will separately enter the accompanying Final Judgment.

**IT IS SO ORDERED.**

Date: _____       _____
                   Judge Jason Denney