# TWENTY-FIRST JUDICIAL CIRCUIT COURT
# ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| LOU BUDKE'S ARROW FINANCE COMPANY,<br><br>　　　Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>RICHARD KYLES,<br><br>　　　Defendant/Counterclaimant. | Case No. 15SL-AC29334-01<br>Division 31-M |

## Final Judgment

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.　This Final Judgment incorporates this Court's Final Approval Order entered on the same date as this Final Judgment.[1]

2.　The settlement of the claims of the Settlement Class on the terms in the parties' Class Action Settlement Agreement and Release ("Agreement"), dated October 30, 2023, is approved, and the following settlement class is granted final certification under Missouri Rule of Civil Procedure 52.08 ("Settlement Class"):

> All persons to whom Lou Budke mailed a presale notice or post-sale notice. Excluded from the Class are persons: whom Lou Budke has obtained a final deficiency judgment or who filed for bankruptcy after the date on their presale notice and whose bankruptcy ended in discharge rather than dismissal.

3.　Individual notice complying with Missouri Rule of Civil Procedure 52.08 was sent to the last-known address of each member of the Settlement Class. The Court finds that all members of the Settlement Class are bound by this Final Judgment.

---

[1] Unless otherwise provided, all capitalized terms in this Final Judgment have the same meaning as those terms in the Agreement.

1

EXHIBIT H

4.     Class Representative and all members of the Settlement Class who did not timely exclude themselves from the Settlement Class shall be bound by the Releases provided in Paragraph 5 of the Agreement.

5.     The settlement is reasonable because, among other reasons, it is what a reasonably prudent person in Lou Budke's position would have settled for on the merits of the claims. Lou Budke's decision to settle was made in good-faith, and not the product of collusion or fraud.

6.     The Court approves Lou Budke's assignment of claims against Lou Budke's insurers, including without limitation, any claims of bad faith failure to settle and breach of the duty to defend, to the Class.

7.     This Judgment is final for all purposes except for the determinations and assessments necessary to resolve any additional judgment against Lou Budke to be determined by the Court at a later date and potentially satisfied by insurance coverage (if any). The Court will retain continuing jurisdiction over this case, including for the purposes set forth in the Final Approval Order. This Judgment resolves a distinct judicial unit between the parties and is final for purposes of appeal for which there shall be no just reason for delay.

8.     Lou Budke is paid no fee by class members or others in connection with activities related to repossessing a vehicle, sending a presale notice, selling a repossessed vehicle, sending post-sale explanations, debt collection, or the reporting of negative information on Class members credit reports.

> Activities related to repossessing a vehicle, sending a presale notice, selling a repossessed vehicle, sending post-sale explanations, debt collection, or the reporting of negative information on Class members credit reports are part of Lou Budke's property preservation and debt collection activities; these are not loan servicing activities.

9. Unless otherwise provided, all capitalized terms in this Final Judgment shall have the same meaning as those terms in the Agreement.

10. The Court expressly determines that there is no just reason for delay under Missouri Rule of Civil Procedure 74.01.


**IT IS SO ORDERED.**

Date: _____        _____
                                Judge Jason Denney